UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD DEAN GOOLSBY,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>　　　　　Defendants. | Case No.: 1:15-cv-00615 - JLT<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDER |

　　　　Plaintiff initiated this action by filing a complaint and an application to *proceed in forma pauperis* on April 2015. (Docs. 1-2.) The Court reviewed Plaintiff's application, but found the information provided was insufficient to determine whether Plaintiff satisfies the requirements of 28 U.S.C. § 1915(a). (Doc. 3.) Because the Court was "unable to determine how Plaintiff is supporting himself or if he is dependent upon another individual who would be able to pay the filing fee," Plaintiff was ordered to file an amended motion to proceed *in forma pauperis* including "information on how Plaintiff is supporting himself, or his dependence on another." (*Id.* at 2.) To date, Plaintiff has not complied with the Court's order.

　　　　The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions

1

including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may impose sanctions based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g*., *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (imposing sanctions for failure to comply with an order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (imposing sanctions for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (imposing sanctions for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff is **ORDERED** to show cause within fourteen days of the date of service of this Order why sanctions should not be imposed for failure comply the Court's Order or, in the alternative, to file an amended motion to proceed *in forma pauperis*. **Plaintiff is advised that failure to comply with this order may result in denial of his application to proceed *in forma pauperis*.**

IT IS SO ORDERED.

Dated:   **May 13, 2015**                    **/s/ Jennifer L. Thurston**
                                             UNITED STATES MAGISTRATE JUDGE