UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIFFORD DEAN GOOLSBY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No.: 1:15-cv-00615 - JLT<br><br>ORDER DISCHARGING THE ORDER TO SHOW CAUSE DATED MAY 13, 2015 (Doc. 4)<br><br>ORDER GRANTING PLAINTIFF AN EXTENSION OF TIME |

Plaintiff Clifford Dean Goolsby seeks judicial review of an administrative decision denying his claim for Social Security benefits. (Doc. 1.) Plaintiff filed a motion to proceed *in forma pauperis* with his complaint on April 20, 2015. (Doc. 2.) The Court ordered Plaintiff to file an amended motion to proceed *in forma pauperis* including "information on how Plaintiff is supporting himself, or his dependence on another." (*Id.* at 2.) Because Plaintiff failed to comply with the Court's order, an order to show cause why sanctions should not be imposed was issued on May 13, 2015. (Doc. 4.)

In response to the order to show cause, Plaintiff's counsel, Melissa Newel, requests an extension of time to obtain the required information from Plaintiff. (Doc. 5.) Ms. Newel asserts she "made numerous, but unsuccessful, attempts to contact Plaintiff in order to obtain information necessary for an amended *in forma pauperis* application." (*Id.* at 3.) Ms. Newel reports that she "left messages on an unidentified voicemail," but did not receive a response prior to the issuance of the order to show cause. (Newel Decl. ¶ 2.) Upon receipt of the Court's second order, she "made additional

1

attempts to contact the Plaintiff and received a return phone message in which the Plaintiff apologized for being difficult to reach and that he would call me back again." (*Id.*, ¶ 3.) Ms. Newel believes that "[g]iven the difficulty of reaching Plaintiff, and on the basis of information provided in the existing application, it is very likely the Plaintiff is homeless." (Doc. 5 at 2.)

Significantly, however, there is no evidence that Plaintiff is, in fact, homeless. Though Ms. Newel may be right in her conclusion about Plaintiff's housing status, she provides little information to determine why her conclusion is supported by the facts. As the Court previously, the information presented in the motion to proceed in forma pauperis was insufficient was "to determine how Plaintiff is supporting himself or if he is dependent upon another individual who would be able to pay the filing fee." (Doc. 2 at 2.) The Court cannot *presume* that Plaintiff meets the requirements to proceed without paying the filing fee. Such a finding may only be based upon "an affidavit that includes a statement of all assets such person . . . possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The Order to Show Cause dated May 13, 2015 (Doc. 4) is **DISCHARGED**;
2. Plaintiff is **GRANTED** an extension of time, and **SHALL** file an amended application to proceed in forma pauperis within 30 days of the date of service of this order; and
3. **Plaintiff is advised that failure to comply with this order will result in denial of his application to proceed *in forma pauperis*.**

IT IS SO ORDERED.

Dated:   **May 29, 2015**              **/s/ Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE

2